**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JAMES MICHAEL GUZMAN,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:09-CV-121-A** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner James Michael Guzman, TDCJ #1075109, is a state prisoner in custody of the

Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division.

### C.  FACTUAL AND PROCEDURAL HISTORY

In 2000 Guzman was indicted for murder in the 372nd District Court of Tarrant County,

Texas.  (Clerk's R. at 3)  On August 27, 2001, Guzman waived his right to a jury trial, executed written plea admonishments and waivers, judicially confessed to the offense, and entered an open plea of guilty to the trial court.  (*Id.* at 13-17)  Upon completion of a presentence investigation report, the trial court assessed his punishment at 45 years' confinement.  (*Id.* at 21) The Third District Court of Appeals of Texas affirmed the trial court's judgment on August 30, 2002. *Guzman v. Texas*, No. 03-02-040-CR, slip op. (Tex. App.–Austin Aug. 30, 2002, no pet.) (not designated for publication).  Despite being granted an extension of time to file a petition for discretionary review until December 2, 2002, by the Texas Court of Criminal Appeals, Guzman did do so.[1]  Nor did he seek postconviction state habeas review.  This federal petition for writ of habeas corpus challenging his 2001 conviction was filed on March 26, 2009.[2]  As ordered, Quarterman has filed a preliminary response addressing only the issue of limitations, to which Guzman did not timely reply.

### D.  STATUTE OF LIMITATIONS

Quarterman asserts that Guzman's petition should be dismissed with prejudice because his petition is barred by the statute of limitations.  (Resp't Preliminary Response at 3-6)  28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the

---

[1]The extension date was confirmed by telephonic communication with the clerk of the Texas Court of Criminal Appeals.

[2]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[3] For purposes of this provision, Guzman's conviction became final and the one-year limitations period began to run upon expiration of the time that he had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on December 2, 2002, and closed on December 2, 2003, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Guzman's did not file a state habeas application, thus statutory tolling is

---

[3]There are no allegations that the state imposed an unconstitutional impediment to the filing of Guzman's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Guzman's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

3

unavailable.  Nor has he alleged or demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Guzman's federal petition was due on or before December 2, 2003.  Accordingly, his petition filed on March 26, 2009, is untimely.

## II.  RECOMMENDATION

Guzman's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 22, 2009.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

4

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 22, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 1, 2009.


_____/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE