IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JAMES MICHAEL GUZMAN, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-121-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein James Michael Guzman is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent.[1] This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On June 1, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any, thereto by June 22, 2009. On June 10, 2009, applicant filed his written objections. Respondent has not made any further response. In accordance with

---

[1] The title of the document filed by James Michael Guzman ("Guzman") was "Petition for Writ of Habeas Corpus by a Person in State Custody," and he referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed March 30, 2009, as an "application" and is referring to Guzman as "applicant."

28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

The magistrate judge recommended the application be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). Applicant objects to application of the limitations period, claiming he is entitled to equitable tolling due to his history of mental health problems. Applicant relies on discussions of this history at his sentencing, as well as generalized claims of using various medications "over the years," Obj. at 4, to support his claim for tolling.

Equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." <u>Davis v. Johnson</u>, 158 F.3d 806, 810 (5th Cir. 1998). To obtain the benefit of equitable tolling, applicant must not only demonstrate "rare and exceptional circumstances," but also must show he has diligently pursued relief under § 2254. <u>Id.</u>; <u>Coleman v. Johnson</u>, 184 F.3d 398, 403 (5th Cir. 1999).

2

Applicant's objections fail to satisfy the requirements for equitable tolling. All of applicant's objections appear to focus on his mental health and history at, and prior to, the date of sentencing in 2001. Applicant was not found to be incompetent to stand trial, nor, apparently, was there any such allegation. At sentencing, applicant's counsel even acknowledged that "nobody's saying [applicant] doesn't know right from wrong. . . ." 1 Rep. R. at 24. Nothing in the record or in applicant's objections indicates he was ever incarcerated in a psychiatric facility, nor is he so confined at the present time, nor does the record provide any evidence that applicant has ever been adjudicated mentally incompetent.

Even if the court were to conclude that applicant's prior mental health problems warranted some equitable tolling, applicant has failed to show that he has diligently pursued relief under § 2254. Applicant's conviction became final, and the one-year limitations period began to run, on December 2, 2002, and ended on December 2, 2003. Aside from a generalized assertion that he asked other prisoners for free help, applicant has offered nothing to demonstrate that he diligently pursued relief in the more than six years that have elapsed since commencement of the limitations period. Under these circumstances, applicant

3

has failed to demonstrate any entitlement to equitable tolling.[2] See <u>Fisher v. Johnson</u>, 174 F.3d 710, 715-16 (5th Cir. 1999).

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the application be, and is hereby, dismissed with prejudice as time-barred.

SIGNED July 9, 2009.

_____
JOHN McBRYDE
United States District Judge

---

[2] The remainder of applicant's objections pertain to the merits of the claims in his application.